IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 13-40121-01 JTM

JAKEEM C. COOPWOOD,

        Defendant.

## ORDER

The court has before it a Motion to Withdraw as Counsel (Dkt. 29) filed by Jakeem C. Coopwood's appointed counsel. The court denies the motion for the reasons below.

On October 16, 2013, the United States filed its indictment, charging Coopwood with car-jacking in violation of 18 U.S.C.§ 2119, use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g). *See* Dkt. 1. Trial is currently scheduled for April 29, 2014, in Topeka, Kansas.

Counsel's motion states that he last met with Coopwood in Leavenworth, Kansas on Saturday, April 5, 2014. According to counsel's motion, during this last meeting, he had difficulty communicating with Coopwood, who would not engage in a discussion of the evidence and possible trial strategy. Coopwood refused a set of jury instructions counsel provided him, and would not discuss them with counsel. At the end of the meeting, Coopwood said he wanted to be represented by another attorney.

Counsel requests that the court allow him to withdraw from his representation of Coopwood based on this last meeting and preceding interactions with his client that he does not describe in detail. Counsel states that he has advised Coopwood that if the court grants the motion to withdraw but does not appoint substitute counsel, Coopwood will be personally responsible for his own representation.

In the District of Kansas, the withdrawal of an attorney's appearance is governed by Local Rule 83.5.5. Withdrawal of an appearance for an attorney whose client will be left without counsel is authorized only upon court order. D. KAN. LOCAL RULE 83.5.5(a). "The decision whether counsel should be permitted to withdraw rests within the court's sound discretion." *United States v. Allen*, No. 06-40056-01-SAC, 2008 WL 2622872 at *5 (D. Kan. July 1, 2008). In making this decision, the court balances the need for the orderly administration of justice with the conflict between counsel and the accused. *Id.*

In this case, the court denies the motion to withdraw as counsel for failure to show good cause. Coopwood's counsel has been diligent in representing his client—a standard regularly met by the federal public defenders in the court's experience. Counsel has frequently met with Coopwood to discuss his case, including meeting with Coopwood at the prison on the weekend. Counsel does not argue that any conflict with the rules of professional conduct is at play here.

Further, the conflict described by counsel does not appear so substantial that further representation of Coopwood is impracticable. Rather, the conflict appears to stem from a misunderstanding by Coopwood that if he does not like his appointed counsel, he can simply stop communicating with current counsel and the court will

indulge his preference. The court understands that Coopwood's refusal to talk with counsel about jury instructions frustrates the relationship, but counsel had broad discretion in the tactical decisions of putting on his client's case—decisions that include jury instructions. As a practical matter then, Coopwood's obstinacy regarding jury instructions will not present a major obstacle in counsel's representation of Coopwood.

Although counsel has timely notified the court of his conflict with Coopwood, the trial is scheduled to start in a few weeks, and granting the motion to withdraw would inevitably result in an otherwise unnecessary delay to allow either Coopwood or his new appointed counsel to develop a trial strategy. Additionally, even if the court were to grant the motion and appoint new counsel for Coopwood, it has no guarantee that the same or similar conflict would not arise with successor counsel. Simply put, the court has confidence in current counsel's skill and ability to effectively represent Coopwood and believes his withdrawal unnecessary at this time.

IT IS THEREFORE ORDERED this 10th day of April, 2014, that the Motion to Withdraw as Counsel (Dkt. 29) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE